**E. Hoyt DOWDEY, Appellant,**

v.

**DAHLSTROM CORPORATION, Appellee.**

No. 18763.

Court of Civil Appeals of Texas, Dallas.

April 14, 1976.

Frank R. Jelinek, Duke, Rosenberry, Duke & Jelinek, Arlington, for appellant.

John A. Mackintosh, Jr., Stephen F. Fink, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

GUITTARD, Justice.

Plaintiff Hoyt Dowdey sued Dahlstrom Corporation for personal injuries and for damages to his automobile resulting from running off the end of the paved portion of a highway under construction. He alleges that defendant Dahlstrom, the contractor in charge of the construction, failed to maintain a barricade. The trial court instructed a verdict against him, and he appeals, contending that the trial court erred in excluding certain evidence and in granting the motion for instructed verdict. We affirm on the ground that even if the excluded evidence had been admitted, the evidence failed to raise a fact issue of defendant's negligence.

Plaintiff testified that before the accident, which occurred at approximately 11:00 o'clock p. m., he had been driving in an easterly direction on State Highway 183. He said that after he turned onto the highway from the access road, he proceeded for a short distance and saw certain barricades and warning devices in the area, but no warning of the ending of the pavement in his lane. At the end of the pavement was a steep dropoff. Plaintiff testified that he was unable to stop his car before the pavement ended. His car ran off the pavement and fell onto a steel form used in constructing the concrete paving. According to plaintiff, there were no barricades, warning devices or signs to indicate that he was approaching the end of the pavement.

After the accident plaintiff hailed a passing car, and was taken to Parkland Hospital in Dallas, where he was treated in the emergency room for minor injuries. An employee of the hospital called the plaintiff's brother, a Dallas physician, who came to the hospital and, later that same night, accompanied plaintiff to the scene of the accident.

Plaintiff testified that when he returned to the scene, about 3:00 o'clock a. m., he looked for a barricade marking the hazard but could find none. He said that he saw parts of a barricade adjacent to the roadway where his car had struck the form. This barricade, he said, had consisted of a wooden frame with blinking lights on it, and he found part of the frame "jammed into the mud." Plaintiff attempted to testify that the ground was muddy when that part of the barricade had been jammed into the dirt. Defendant's objection was sustained, and then plaintiff, in response to questions from his counsel, testified that the dirt at the time of his inspection was "packed hard" on parts of the barricade. He further testified that he tried to extricate a blinker light from the dirt at the scene. In an apparent attempt to prove that the light had been partially buried for some time, his counsel elicited the following testimony:

Q. All right. Was it easy to come out of the dirt, or hard?

A. No, it was packed adobe brick style.

MR. MACKINTOSH: If the Court please, that was not responsive.

THE COURT: Yes, I sustain the objection, and the jury will not consider the answer for any purpose whatsoever.

Q. Mr. Dowdey, I will redirect your attention without getting into that, did the blinking light have dirt or mud on it?

A. Yes, sir.

Q. Did it have it around its base?

A. Yes, sir.

Q. Did it have it around the blinkers, the actual plastic yellow part?

A. It had it on it.

Q. Was there mud located on the wooden parts of the barricade?

A. Yes, sir.

Q. What was the distance between where these parts were laying and the blinking yellow light was laying from your vehicle?

A. About five or six feet to the south.

The plaintiff's brother testified that when they arrived at the scene he observed no barricades or warning devices near the car.

Defendant's superintendent Hawthorn was called by the plaintiff as an adverse witness. Hawthorn testified that employees of the defendant regularly inspected the barricades at the job site in the mornings and in the evenings before 6:00 o'clock p. m. He also testified that on a few occasions he had responded to calls informing him that the barricades were down and that he had gone to the scene to erect new ones. Hawthorne did not testify as to whether he had inspected the barricades on November 6, nor was such testimony elicited from any other witness.

At the close of plaintiff's case defendant moved for an instructed verdict on the grounds that plaintiff had presented no evidence to prove that defendant had breached any duty with respect to maintenance of its barricades and that plaintiff had failed to

prove that any negligence of defendant was a proximate cause of the plaintiff's injuries. In this court, likewise, defendant contends that no fact issue is raised on negligence or proximate cause.

Since this case comes to us as a result of an instructed verdict, we must consider the evidence presented in the light most favorable to the plaintiff to see if a fact issue was raised. *Ford v. Panhandle & S.F. Ry.,* 151 Tex. 538, 252 S.W.2d 561 (1952). The question, then, is did plaintiff present evidence which would justify an inference that defendant was responsible for the absence of a barricade in front of the hazard which caused plaintiff's injury?

We hold that the plaintiff did not carry this burden. The evidence, taken most favorably to plaintiff, indicates only that there was no barricade in front of the hazard at 11:00 o'clock p. m. It does not establish that the barricade was absent at the time defendant's employees left the job site on that day. The facts in evidence, as well as the testimony excluded by the trial court, show only that several hours after the accident plaintiff found parts of a barricade covered with mud or "jammed into the mud" and that the mud was "packed hard." Plaintiff introduced no evidence showing how long the barricade had been down or whether it was in place when defendant's employees left the job site. Plaintiff elicited evidence that on other occasions barricades had been knocked down by motorists or by defendant's own equipment, but he offered no proof that such an accident had occurred on the day in question. Neither does plaintiff assert that defendant was negligent in failing to maintain a patrol after working hours to insure that the warning devices were continually in proper order. Plaintiff offered no evidence tending to show that the absence of a barricade was caused by defendant's act or omission rather than the act or omission of a third party.

Plaintiff would have us infer from the evidence of a board "jammed into the mud" and of mud "packed hard" about the board, that this board had once been part of a barricade at this construction site, that this barricade rather than some other barricade had previously been used to warn approaching motorists of the peril at this site, that this barricade had not been in place when defendant's crew left the site on the afternoon before the accident, and that no other barricade or warning device was then in place. These inferences are too many to rest on the single fact that at 3:00 a. m. plaintiff had discovered what he took to be part of a barricade "jammed into the mud." The evidence establishes nothing more than that no barricade was in place at 11:00 p. m. when the accident occurred. We find that this evidence is not legally sufficient to show that no barricade was in place five hours earlier. Consequently, we hold that the evidence does not raise a face issue concerning defendant's negligence and that defendant's motion for instructed verdict was properly sustained. Since no ground for liability has been established, we do not reach plaintiff's points concerning the damage issues.

Affirmed.